**[Dkt. No. 9]**

                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE

DON LICHTERMAN,

        Plaintiff,                    Civ. No. 15-7229 (RMB/KMW)

           v.                         **MEMORANDUM ORDER**

IODA/THE ORCHARD, et al.,

        Defendants.


        This matter comes before the Court upon a Joint Motion to

Dismiss Complaint filed by Defendant Orchard Enterprises NY,

Inc., (erroneously sued as "IODA/The Orchard") ("The Orchard")

and Automattic, Inc., (erroneously sued as "Word

Press/Automatic, Inc.") (collectively the "Defendants").  [Dkt.

No. 9].  Plaintiff Don Lichterman, appearing pro se, has filed a

356-page Complaint that is meandering and incoherent at times.

Defendants contend that the Complaint should be dismissed

because it fails to state properly pled claims.

        To withstand a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the

                                  1

plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Id. at 663. "[A]n unadorned, the-defendant-
unlawfully harmed-me accusation" does not suffice to survive a
motion to dismiss. Id. at 678. "[A] plaintiff's obligation to
provide the 'grounds' of his 'entitle[ment] to relief' requires
more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do." Twombly, 550
U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286
(1986)).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a
court should consider not only the allegations in the complaint,
but also "documents that are attached or submitted with the
complaint, . . . and any matters incorporated by reference or
integral to the claim, items subject to judicial notice, matters of
public record, orders, [and] items appearing in the record of the
case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir.
2006).

As set forth in the first count of the Complaint, Plaintiff
appears to allege copyright infringement.  Pursuant to 17
U.S.C. § 501(b), the legal or beneficial owner of an exclusive
right under a copyright is entitled . . . to institute an action
for any infringement . . . committed while he or she is the
owner of it."  See also Eden Toys, Inc. v. Florelee Undergarment

2

Co., Inc., 697 F.2d 27 (2d Cir. 1982)("The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights")(citing 17 U.S.C. § 501(b) and 3 M. Nimmer, Nimmer or Copyright, § 12.02 at 12-25 (1982)).

In support of his claim to ownership of exclusive rights, Plaintiff alleges that he has "registered its' [sic] musical works with the Copyrights [sic] office . . . , including the tracking for the recordings at issue here."  Compl. at ¶ 2.  As further support, Plaintiff refers the Court to "more than 650 sound recordings and copyrights (Exhibit 4)." Id.  Yet, Plaintiff's Exhibit 4 – to the extent it can be deciphered (it is largely illegible) - does not evidence that Plaintiff holds rights in the cited works. Exhibit 4 is a screen print from the U.S. Copyright Office that lists numerous different works by name, date and certificate number. Not only is Mr. Lichterman's name not mentioned in the cited government records, but the listed works appear to be registered in the names of individuals or entities other than Plaintiff, e.g., the cited work, "Laff House live" is owned by ℗ Dorman Associates, Ltd. d.b.a. Blue Mountain Records and the cited work, "Deon Cole's Black Box: 102, Deon vs. Doogie," is owned by Warner Bros. Entertainment Inc.

To the extent this Court can decipher the Complaint, at no point has Plaintiff pleaded sufficient factual content – beyond conclusory allegations and unsupported attached documentation – to demonstrate that he has standing to bring a claim for copyright infringement, that is, that the works that are the alleged subject of his claims are owned by him.  See 17 U.S.C. § 501(b); see also Contractual Obligation Prods., LLC v. AMC Networks, Inc., No. 04 Civ. 2867, 2006 WL 6217754, at *5 (S.D.N.Y. Mar. 31, 2006) (Plaintiff "does not have standing to bring a claim for copyright infringement" because he was "not the owner of the work when the alleged copyright infringement took place").

Defendants next assert that even if Plaintiff had standing, Plaintiff's copyright claim against Automattic is barred by the Safe Harbor Provision of the Digital Millenium Copyright Act which creates a safe harbor for online service providers against copyright infringement liability stemming from transmitting, cashing, storing, or linking to infringing material.  17 U.S.C. § 501(a).  Again, to the extent this Court can decipher the Complaint, the Court agrees that Plaintiff has not alleged sufficient facts to demonstrate that Automattic, an alleged online service provider, is not immune from suit.  As Defendants argue, Plaintiff appears to allege that Automattic was under a duty to police the format or content of the URL for the subject

blog site (owned and operated exclusively by defendants Kiril Zdravkov and KVZ Music) and that its failure to do so somehow renders Automattic liable.  Plaintiff, however, provides no statutory or other legal authority to support his novel theory.

Finally, Defendants argue that Plaintiff has failed to allege sufficient facts that Defendants published the alleged libelous statement on the blog site.  In his opposition, Plaintiff makes no effort to refute Automattic's defense that it cannot be treated as the publisher of the content at issue.

In short, Plaintiff's Complaint is essentially a meandering recitation of disjointed conclusions and allegations, and Plaintiff's submissions in opposition to Defendants' Motion to Dismiss fare no better.  The Court is unable to discern exactly what Plaintiff's claims are and why Plaintiff contends he is entitled to relief.

Accordingly, Plaintiff is hereby **ORDERED** to submit within 30 days a <u>one-page</u> document only that sets forth the nature of his claims against which Defendants and the legal basis for such claims; and 2) a <u>two-page</u> document only that <u>specifically</u> responds to the arguments presented by Defendants in their Joint Motion to Dismiss.  Although a <u>pro se</u> litigant's pleadings are to be liberally construed, this Court (or the parties) should not have to speculate as to Plaintiff's claims.  The Court adopts this procedure to avoid having the parties and this Court

expend countless hours and resources attempting to understand Plaintiff's Complaint and opposition to the pending motion.

It is further **ORDERED** that any failure by Plaintiff to comply with these instructions as ordered may result in involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b), which provides that involuntary dismissal is appropriate "for failure of the plaintiff to prosecute or comply with . . . any order of the court."

The Clerk of the Court is therefore **DIRECTED** to administratively terminate the Joint Motion to Dismiss [Dkt. No. 9] pending Plaintiff's submissions and further Order of the Court.

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE

Dated: June 21, 2016

6